PEOPLE v HULY

CRIMINAL LAW—OBSCENITY.

> The defendant's conviction of possession of obscene movies with intent to show them to others is reversed without a new trial in view of *People v Bloss,* 388 Mich 409 (1972), even though the film in question is hard-core pornography.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 May 10, 1972, at Lansing. (Docket No. 12008.) Decided December 6, 1972.

Lawrence Huly was convicted of possession of obscene movies with intent to show them to others. Defendant appeals. Reversed without a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Stephen M. Taylor,* for defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and TARGONSKI,* JJ.

J. H. GILLIS, P. J. On March 1, 1971, defendant was convicted of possession of obscene movies with

REFERENCE FOR POINTS IN HEADNOTE
50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 3, 11, 15.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

intent to show them to others. MCLA 750.343a; MSA 28.575(1).

The film in question is hard-core pornography. However, in light of *People v Bloss,* 388 Mich 409 (1972), we are required to reverse the conviction without a new trial. In fairness to the trial court we should point out that the decision was handed down by the trial court prior to *Bloss, supra.*

Reversed without a new trial.

All concurred.